# IN THE OREGON TAX COURT

MAZAMAS,
a nonprofit Oregon corporation
*v.*
DEPARTMENT OF REVENUE
(TC 3294)

John C. Caldwell, Oregon City, represented plaintiff.

Bonni C. Canary, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered April 9, 1993.

**CARL N. BYERS, Judge.**

Plaintiff owns a lodge on leased United States Forest Service land. The lodge and its predecessors have been exempt from ad valorem taxation for many years.[1] In 1990, the Clackamas County Assessor asked plaintiff to submit a current exemption application. After receiving the updated

---

[1] The exemption application on file was dated January 29, 1947.

application, the assessor denied plaintiff's request for property tax exemption. On appeal to defendant, defendant affirmed the assessor.

## ISSUES

    1.   Is plaintiff a charitable organization?

    2.   If plaintiff is a charitable organization, is the lodge actually and exclusively occupied or used in its charitable work?

## CHARITABLE ORGANIZATION

The Oregon Supreme Court in *SW Oregon Pub. Def. Services v. Dept. of Rev.*, 312 Or 82, 89, 817 P2d 1292 (1991), stated there are three elements necessary for an organization to qualify as a charitable institution under ORS 307.130:[2]

"(1) The organization must have charity as its primary, if not sole, object; (2) the organization must be performing in a manner that furthers its charitable object; and (3) the organization's performance must involve a gift or giving."

In order to qualify for property tax exemption, plaintiff must meet all three of these conditions.

## PRIMARY OBJECTIVE

Plaintiff's first stated object, found in Article II of its Articles of Incorporation, is the development of the physical and mental capacities of its members, exploration of natural scenery, and collecting and disseminating information concerning the scenery. Additional goals include preservation of forests and observation posts "for scientific purposes." *Id.*

Plaintiff, in its response to the county assessor's questions, aptly summarized the situation.

"The first specific question you asked was whether the primary purpose/activity of the organization is charitable. It is not the primary purpose but it does have some charitable aspects."

---

[2] The court noted "these requirements also are found in the regulation OAR 150-307.130-(A)." *SW Oregon Pub. Def. Services v. Dept. of Rev.*, 312 Or 82, 89, 817 P2d 1292 (1991).

There is additional evidence of plaintiff's lack of a primarily charitable purpose. Plaintiff's Articles of Incorporation do not provide for disposition of the assets for charitable purposes on dissolution. *See* OAR 150-307.130-(A)(1)(e).

■        Since the standard for charitable organizations requires that "the organization *must* have charity as its *primary, if not sole object," SW Oregon Pub. Def. Services,* 312 Or at 89 (emphasis added), by its own admission, plaintiff is not a charitable organization and its property is not exempt from ad valorem taxation.[3]

## ORGANIZATION'S ACTUAL ACTIVITIES

Even assuming the organization is charitable, the organization's actual activities are not consistent with a charitable objective.

To qualify for membership, an individual must (1) have climbed a mountain that has an active living glacier, (2) be sponsored by two active members, (3) pay the initiation fee and annual dues, and (4) be approved by a majority of the Executive Council. There are no provisions for scholarships beyond the vague statement that the Executive Council may, on a year-to-year basis, waive all or part of the dues.

Plaintiff's activities are available to the public, although at higher costs than to members. The activities include organized hikes and climbs, Nordic ski school and mountain-climbing school. Plaintiff does allow some organizations, such as churches or youth organizations, to use its facilities at a reduced rate.[4] There is no evidence plaintiff would waive fees if an organization or an individual could not afford the fees. *See* OAR 150-307.130-(A)(3)(d)(C)(2) and (4). When the lodge is used for actual search and rescue (as opposed to search and rescue training), the facility is available without charge.

---

[3] This case is factually similar to *Oregon Stamp Society v. Commission,* 1 OTR 190 (1963), where this court found the plaintiff was primarily a club for hobbyists. The scientific and literary aspects of the organization were merely incidental to the main purposes of the organization.

[4] Some of the organizations pay the member rate while some pay a rate between the member and nonmember rates.

■    The parties agree the organization has some charitable aspects. However, when determining exemption issues, "it is not the incidental or minor activities of the claimant which control, but rather the principal activity." *Oregon Stamp Society v. Commission*, 1 OTR 190, 204 (1963). *See also* OAR 150-307.130-(A)(3)(b). The primary activities are outdoor activities for the benefit of its members; the charitable activities are an incidental by-product.

## PROPERTY USE

The court finds that even if the organization is charitable, the property would not be exempt from ad valorem taxation. Under ORS 307.130(1)(a) "only such real or personal property, or proportion thereof, as is actually and exclusively occupied or used" is exempt from taxation. One of plaintiff's witnesses testified that on average, the lodge has 8,000 to 10,000 individuals staying overnight in a year. Of that number, approximately one-half are members. There was no evidence presented at trial to show how much of the nonmember usage may have been charitable (for example, youth groups) compared to public nonmember use. Additionally, there was no separate accounting which compared member and nonmember day use to charitable nonmember day use.

The lodge is also the site of some of the mountain-climbing school instructions and the Nordic ski school, none of which was shown to be charitable.

■    In summary, while there may be some charitable use of the lodge, the property was not "exclusively occupied or used" for charitable purposes. The primary use of the property was for the benefit of the members. The lodge was only incidentally used for charitable purposes. *See Mercy Medical Center, Inc. v. Dept. of Rev.*, 12 OTR 305, 308 (1992).

## CONCLUSION

Plaintiff is not a charitable organization and its property is not exclusively occupied or used in charitable work.

Defendant's Opinion and Order No. 91-0561 is sustained. Defendant to recover costs and disbursements.