# IN THE TAX COURT OF THE
# STATE OF OREGON

## ARCHDIOCESE OF PORTLAND IN OREGON
*v.*
## DEPARTMENT OF REVENUE

(TC 4114)

Eugene E. Feltz, Portland, represented Plaintiff (taxpayer).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented Defendant (department).

Decision for Defendant rendered February 18, 1998.

**CARL N. BYERS, Judge.**

Plaintiff appeals from the denial of a property tax exemption for a caretaker's cabin at its summer youth camp. There is no dispute of material fact and the matter is before the court on Plaintiff's Motion for Summary Judgment.

## FACTS

Plaintiff owns a summer youth camp of approximately 240 acres located 45 miles east of Portland in the foothills of Mt. Hood. It is a typical youth camp with dining hall, cabins, shower building, swimming pool, boating pond, and a chapel. The camp operates only part of each year. The cabin in question is located near the entrance and is used year round as a residence for the caretaker. The caretaker's duties include assisting youth and sponsors in locating their cabins, protecting the camp from trespassers, vandals, and garbage dumping, guarding against fire dangers, and ensuring that mechanical, electrical, and other equipment functions properly.

## CLAIM FOR EXEMPTION

Plaintiff contends that it is exempt under both ORS 307.130 as a charitable organization and under ORS 307.140 as a religious organization.[1] In its memorandum, Defendant asserts that Plaintiff did not apply for exemption under ORS 307.130, implying that Plaintiff must qualify under ORS 307.140 or not at all. This point merits some discussion.

---

[1] Plaintiff argues for exemption under ORS 307.130 but applied for exemption only under ORS 307.140.

■    To obtain a property tax exemption under either of the above statutes, the organization must file a verified "statement" "listing all real or personal property claimed to be exempt and showing the purpose for which such property is used." ORS 307.162(1). It appears that in practice the form application is treated as satisfying the requirement of a "statement." Defendant has adopted an administrative rule, which provides, in part:

> "(1)   The assessor shall determine the eligibility for property tax exemption based solely upon *the exemption statute* specified in ORS 307.162 which the applicant indicates on the application.

> "(2)   The assessor shall return applications with *more than one* property tax exemption program checked to the applicant for clarification." OAR 150-307.162. (Emphasis added.)

■■   It should be noted that the statute does not require the statement to specify under which statute the applicant is making a claim. Although the department may by rule require applicants to specify the statutory basis for their claim, the rule cannot limit the applicant to one statute when the property may qualify under more than one statute. The instant case is a good example. Property owned by religious organizations may qualify for property tax exemption under ORS 307.140 and under ORS 307.130. *Archdiocese of Portland v. Dept. of Rev.*, 5 OTR 111 (1972), *aff'd* 266 Or 419, 513 P2d 1137 (1973). Accordingly, applications so claiming should not be deemed erroneous and returned to the applicant. Under the circumstances and in light of OAR 150-307.162(2) being too narrow, the court will consider whether the caretaker's cabin qualifies for exemption under ORS 307.130 as well as ORS 307.140.

### ISSUE NO. 1

Is the caretaker's cabin exempt under ORS 307.140?

### ANALYSIS

As a religious organization, Plaintiff has applied for exemption under ORS 307.140(1).[2] The relevant portion of that statute provides:

---

[2] All references to the Oregon Revised Statutes are to 1995.

"All houses of public worship and other additional buildings and property used solely for administration, education, literary, benevolent, charitable, entertainment and recreational purposes by religious organizations, the lots on which they are situated, and the pews, slips and furniture therein. However, any part of any house of public worship or other additional buildings or property which is kept or used as a store or shop or for any purpose other than those stated in this section shall be assessed and taxed the same as other taxable property."

In connection with the above statute, Defendant has promulgated an administrative rule which directly addresses the issue of caretaker residences. OAR 150-307.140(4) provides:

"(1) A parsonage or caretaker residence is considered primarily a residence even though incidental religious use may occur there. A parsonage or caretaker's residence is totally taxable unless it meets the criteria established in OAR 150-307.140.

"(2) The following activities are examples of those which do not qualify the residence for an exemption:

"(a) Living close to the church to deter vandalism,

"(b) Opening and closing the church daily,

"(c) Living close to the church for convenience sake, or

"(d) Required living quarters for caretaker or pastor's family which do not meet conditions in OAR 150-307.140."

In applying the statute, the court must first ascertain legislative intent, beginning with the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). The caretaker's cabin in question is not a house of public worship but an "other additional building." The question is whether that building is used "solely for administration, education, literary, benevolent, charitable, entertainment, or recreational purposes." The court finds that it is not. In focusing on the use of the property, the statute excludes from exemption any building used "for any purpose other than those stated." The cabin is not used for any of the listed purposes but is used as a caretaker's residence.

While the caretaker has broad duties, the cabin is not used to accomplish those duties. Undoubtedly, some of the caretaker's duties may be viewed as administrative work, such as scheduling groups or classes. However, there is no indication that these activities take place in the cabin. Even if some incidental administrative, educational, literary, benevolent, charitable, entertainment, or recreational activities took place in the cabin, incidental use is not sufficient. The statute requires that the building be used "solely" for the exempt purpose.

## ISSUE NO. 2

Is the caretaker's cabin exempt under ORS 307.130?

## ANALYSIS

ORS 307.130 provides, in relevant part:

"Upon compliance with ORS 307.162, the following property owned or being purchased by incorporated literary, benevolent, charitable and scientific institutions shall be exempt from taxation:

"(a) Except as provided in ORS 748.414, only such real or personal property, or proportion thereof, as is actually and exclusively occupied or used in the literary, benevolent, charitable or scientific work carried on by such institutions."

As indicated above, this court has held that the advancement of religion qualifies as a charitable purpose. In *Archdiocese of Portland,* the court found that although a chancery office used for church administration was not a "house of public worship," nevertheless it qualified under ORS 307.130 because:

"[T]he property sought to be taxed is all owned, occupied and used for the advancement of religion, a charitable use by a religious nonprofit corporation, and is, therefore, not subject to taxation." *Id.* at 124.

The opinion pointed out that although religious property may qualify under both statutes, the two statutes differ in the requirements with regard to the nature of the organization using the property.[3]

---

[3] The legislature promptly amended ORS 307.140 adding that property used for administrative, education, literary, benevolent and charitable purposes qualified under that statute. *See* Or Laws 1973, ch 397, § 1.

■     Under ORS 307.130, charitable property which is occupied or used in the work carried on by the institution may qualify for exemption. In *Mult. School of Bible v. Mult. Co.*, 218 Or 19, 37, 343 P2d 893 (1959), the Supreme Court found that a building superintendent and dining hall supervisor were engaged in essential functions and it was reasonably necessary to have such employees reside on the campus. Accordingly, the court held that the building used as a residence for those individuals was exempt under ORS 307.130.

■     Plaintiff contends that a caretaker's cabin is necessary to accomplish its goals. By protecting the camp, the caretaker substantially contributes to the exempt organization's purposes or objectives. Plaintiff cites *Mercy Medical Center, Inc. v. Dept. of Rev.*, 12 OTR 305 (1992), in support of its position. Plaintiff may be correct, but the facts presented to the court are insufficient to support such a finding. There are too many unanswered questions for the court to conclude that a caretaker residence is "reasonably necessary" to the operation of the camp. For example, are there alternative means of securing protection of the camp? Are other residential accommodations reasonably available nearby? How difficult or expensive would it be to make other arrangements to perform the functions now done by the caretaker? To be exempt, the facts must indicate that the cabin is primarily for the benefit of the organization rather than for the employee. As indicated by the Oregon Supreme Court in *Found. of Human Understanding v. Dept. of Rev.*, 301 Or 254, 264, 722 P2d 1 (1986):

> "The proximity of the property may be one factor in determining whether the subject property is reasonably necessary to the religious activity at another site. In this case, however, the property does not fall within the exemption because of its use. It is not used so that counselors will be available to retreatants. Rather, it is used by the counselors as a respite from retreatants. The Foundation asserts that some residence away from the ranch is necessary in order that the counselors can perform their work well. This may be true. Nonetheless, the use of the property benefits the employees directly and the organization only indirectly. We find that the South River Road property is not reasonably necessary to accomplish the objectives of the Foundation."

Based on the facts before the court, the court cannot find that the caretaker's cabin is reasonably necessary to accomplish the purposes of Plaintiff. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied.