DECISION
Plaintiff appeals concerning certain real property exemption matters for the 2009-10 tax year. The property is identified in the Multnomah County tax records as Account R330051.
A trial was convened on June 2, 2010. Plaintiff was represented by Stacey Orr, Executive Director. Deborah Attwood and Sally Brown participated for Defendant. Subsequently, written information was filed by Plaintiff on July 12, 2010.
Plaintiff applied for a real property tax exemption, pursuant to ORS 307.130, [1] for the 2009-10 tax year. That request was denied by Defendant in a letter dated September 1, 2009. This appeal followed.
The subject property is office space that houses the Oregon Chapter of the National Association of Social Workers (NASW) administrative personnel and functions. From written submissions and sworn testimony, the following key facts are found.
NASW Mission — * Promote the quality of social work;
 * Improve conditions of life in society; *Page 2 
 * Maintain high standards of practice;
 * Alleviate deprivation, distress and strain among the public; and
 * Promote diversity, inclusion, cultural competency and social justice.
(Ptfs Compl at 3.)
NASW Activities —
The group helps its members understand and adhere to the group's Code of Ethics. (Id. at 3-4.) Formal complaints are investigated.
Continuing education programs are planned and presented. (Id. at 4.) In fiscal year 2009-10, there were 15 continuing education courses, open to members and nonmembers. (Def s Ltr at 3, Jul 12, 2010.) One event was free and the others were discounted for some participants. (Id)
Educational information is available to all via the group's internet website. (Id) That is not restricted to members only. (See Id.) A social worker directory is maintained. (Ptf s Compl at 4.)
Parties' Summary and Arguments —
Plaintiffs written materials filed contend that charity is the group's primary objective, stating: "the primary objective is benefit to the public." (Id.) The gift and giving of NASW is allegedly present in the education discounts and scholarships. (Def s Ltr at 3, July 12, 2010.)
Defendant argues that the NASW activities primarily benefit group members and not the public at large. They cite that certain information is not present in this record, such as the dollar amount of donations received, the dollar value of gifts provided and any specific breakdown between NASW members and the general public. *Page 3 
Plaintiff alleges that the subject property qualifies for exemption from property taxation because it meets the statutory requirements of ORS 307.130(2), which provides that:
 "Upon compliance with ORS 307.162, the following property owned or being purchased by * * * charitable * * * institutions shall be exempt from taxation:
 "(a) Except as provided in ORS 748.414, only such real or personal property, or proportion thereof, as is actually and exclusively occupied or used in * * * charitable * * * work carried on by such institutions."
When looking at statutes granting exemption, the court must remember the principle that taxation is the rule, and exemption from taxation is the exception. Dove Lewis Mem. Emer. Vet. Clinic v. Dept. of Rev.,301 Or 423, 426-27, 723 P2d 320 (1986). In its analysis, the court is guided by the rule that property tax exemption statutes are strictly but reasonably construed. SW Oregon Pub. Def. Services v. Dept. of Rev.,312 Or 82, 88-89, 817 P2d 1292 (1991). "Strict but reasonable construction does not require the court to give the narrowest possible meaning to an exemption statute. Rather, it requires an exemption statute be construed reasonably, giving due consideration to the ordinary meaning of the words of the statute and the legislative intent." North HarbourCorp. v. Dept. of Rev., 16 OTR 91, 95 (2002).
The key inquiry for the court is whether there is substantial giving to others beyond Plaintiff's own members. The Oregon Supreme Court has stated:
 "[T]here are three elements to qualifying as a `charitable institution' under ORS 307.130: (1) the organization must have charity as its primary, if not sole, object; (2) the organization must be performing in a manner that furthers its charitable object; and (3) the organization's performance must involve a gift or giving."
SW Oregon, 312 Or at 89. Plaintiff must meet those three elements in order for Plaintiff to qualify as a "charitable institution." SeeMazamas v. Dept. of Rev., 12 OTR 414, 415 (1993).
The third prong of the SW Oregon test is whether the performance of Plaintiff involves a gift or giving. "In determining whether an organization is, by its conduct, charitable, the crucial *Page 4 
consideration is the element of a gift or giving." Dove Lewis,301 Or at 428. Whether the performance of Plaintiff involves a gift or giving is based upon the overall activities of Plaintiff, not a portion thereof. See Mercy Medical Center, Inc. v. Dept. of Rev., 12 OTR 305, 307
(1992).
A nonprofit organization meets the element of gift or giving if the organization "receive[s] limited donations * * * [and] appl[ies] those donations and substantial volunteer labor" to its charitable services.See Rigas Maja, Inc. v. Dept. of Rev., 12 OTR 471, 475 (1993).
Upon close review, it is clear that Plaintiff is a caring and helpful organization. However, it appears to be more of a members' network and support group, with some (perhaps insignificant) residual benefit to the general public. In this record, there is no quantification of the gifting. No percentages were provided nor allocations estimated. Conclusions are advanced; documentation is absent.
Plaintiff has the burden of proof and must establish its case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." Reed v. Dept. of Rev., 310 Or 260, 265,798 P2d 235 (1990). Plaintiff in *Page 5 
this case has not met that statutory requirement. Accordingly, the appeal must be denied. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ____ day of January 2011.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on January28, 2011. The Court filed and entered this document on January 28, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.