IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| SERENITY LANE, INC. | ) | |
| and SERENITY LANE HEALTH | ) | |
| SERVICES, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 120156D |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION** |

The court entered its Decision in the above-entitled matter on February 24, 2014. The

court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14

days after its Decision was entered. The court's Final Decision incorporates its Decision without

change.

Plaintiffs appeal Defendant's notice dated March 16, 2012, stating that Plaintiffs'

properties identified as Accounts R10801 and P75108 (subject property) were removed from

exemption for the 2012-13 tax year. Plaintiff's Motion for Summary Judgment was filed

January 15, 2014. As of this date Defendant has not filed a response.

I. STATEMENT OF FACTS

In their Motion for Summary Judgment, Plaintiffs stated:

> "In summary, Mr. Dyer explains [in his Declaration] that Serenity Lane's
> operations in the relevant tax year were the same as those in the tax year 2011-12.
> The Declaration further explains the percentage of giving for the relevant tax
> year. There are three principal areas of giving: scholarships; services provided
> below market (including discount services provided to patients on the Oregon
> Health Plan); and educational services. The total of those services represent
> 36.8% of Serenity Lane's income for the fiscal years which span the relevant tax
> year.
>
> * * *

> "Serenity Lane is a charitable entity, as determined by Judge Breithaupt [in *Serenity Lane, Inc. v. Lane County Assessor*, TC 5082]. A charitable organization is evaluated based upon its entire operation, not through an individual analysis of each part of the operation. *Mercy Medical Center, Inc. v. Department of Revenue*, 12 OTR 305, 307 1992. Therefore, Judge Breithaupt's determination that Serenity Lane is a charitable entity is controlling regardless in which county its property is located.

> "Serenity Lane recognizes that specific property must separately qualify by showing that it is part of the charitable use of the exempt organization. The facilities located in Douglas County are used for charitable use purposes. Outpatient treatment and recovery support services are available to patients at the facilities. The use of the facility in the relevant tax year was the same use as described by Judge Breithaupt in his Opinion.

> * * *

> "Based upon the Declaration by Mike Dyer [Declaration] and the opinion issued by the Oregon Tax Court, summary judgment should be granted Plaintiffs."

(Ptfs' Mot for Summ J at 2-3.)

In his Declaration, Mike Dyer stated:

> "For the facility located in Douglas County, Serenity Lane Health Services owns the facility and Serenity Lane, Inc. provides treatment.

> "Serenity Lane's services provided at the Douglas County facility are outpatient treatment, which includes group and individual counseling, education sessions, family programs, DUI services, employer education services and recovery support services for up to 94 weeks. There are no other uses of the facility in Douglas County."

(Declaration of Mike Dyer in Support of Mot for Summ J at 2.)

/ / /

/ / /

/ / /

/ / /

/ / /

II. ANALYSIS

A.    *Summary judgment*

The court's standard for reviewing motions for summary judgment is provided in Tax Court Rule (TCR) 47.[1] Summary judgment is governed by Tax Court Rule (TCR) 47 C, which states in part:

> "The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

The court grants motions for summary judgment where the pleadings and evidence "show that there is no genuine issue as to any material fact" and that "the moving party is entitled to prevail as a matter of law."  (*Id*.).

> "The adverse party has the burden of producing evidence on any issue raised in the motions as to which the adverse party would have the burden of persuasion at trial. The adverse party may satisfy the burden of producing evidence with an affidavit or declaration under section E of this rule."

(*Id*.)  TCR 47 D provides that:

> "[w]hen a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of that party's pleading, but the adverse party's response, by affidavits or declarations or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. *If the adverse party does not so respond, the court shall grant the motion if appropriate*."

(Emphasis added.)

As of this date, Defendant has not filed a response to Plaintiffs' Motion for Summary

---

[1] TCR 47 is made applicable through the preface to the rules of the Magistrate Division, which states that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."

Judgment. Defendant has not "set forth specific facts showing that there is a genuine issue as to any material fact for trial[]" and has not produced "evidence on any issue raised in the motions as to which the adverse party would have the burden of persuasion at trial." TCR 47 C.

### III. CONCLUSION

Plaintiffs' Motion for Summary Judgment which is supported by the Declaration of Mike Dyer, states that Plaintiffs are organized as a "charitable" organization and that the subject property is "actually and exclusively occupied or used in * * * charitable * * * work carried on by such" organization. ORS 307.130(2)(a).[2] Plaintiffs rely on a prior tax court decision holding that Plaintiffs are a "charitable entity." (Ptfs' Mot for Summ J at 2.) Mike Dyer's Declaration states that the subject property has "no other uses" other than for "outpatient [and recovery] treatment." (Declaration at 2.) Defendant did not file a response challenging Plaintiffs' Motion for Summary Judgment. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Motion for Summary Judgment is granted.

Dated this ___ day of March 2014.

---

JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

---

[2] The court's references are to the Oregon Revised Statute(ORS) edition for 2011.

*This document was signed by Presiding Magistrate Jill A. Tanner on March 13, 2014. The court filed and entered this document on March 13, 2014.*